114 N.J. Super. 140 (1971)
275 A.2d 158
BERGEN COUNTY BOARD OF TAXATION, PLAINTIFF-APPELLANT,
v.
BOROUGH OF BOGOTA, ET ALS, DEFENDANTS-RESPONDENTS. BOROUGH OF FAIRVIEW, CITY OF GARFIELD, CITY OF HACKENSACK, PETITIONERS-APPELLANTS,
v.
BERGEN COUNTY BOARD OF TAXATION AND THE DIRECTOR OF THE DIVISION OF TAXATION, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 22, 1971.
Decided March 15, 1971.
*142 Before Judges GOLDMANN, LEONARD and MOUNTAIN.
Mr. Ralph W. Chandless argued the cause for City of Garfield, appellant and respondent (Messrs. Chandless, Weller and Kramer, attorneys; Mr. Chandless, on the brief).
Mr. Joseph C. Zisa argued the cause for City of Hackensack, appellant and respondent (Mr. Lawrence Garofalo, attorney and on the brief).
Mr. V. Michael Rossi argued the cause for Borough of Fairview appellant, and respondent (Mr. V. Michael Rossi, attorney and on the brief).
*143 Mr. Richard M. Conley, Deputy Attorney General, argued the cause for Bergen County Board of Taxation and Director of the Division of Taxation, respondents and appellants (Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel; Mr. Conley, on the brief).
PER CURIAM.
On August 18, 1967 the Bergen County Board of Taxation (Board) issued orders to 27 municipalities directing each of them to revalue all real property with respect to the tax year 1969 pursuant to N.J.S.A. 54:4-23 and 27. Seven of the taxing districts failed to do so and the Board instituted an action in lieu of prerogative writs to compel compliance. After suit had been commenced, consent orders for revaluation were entered as to four of the defendant municipalities. The suit went forward against the remaining three taxing districts, resulting in a decision in their favor on the ground that the Board's orders had been issued without first securing the approval of the Director of the Division of Taxation (Director) pursuant to N.J.S.A. 54:3-14 and 54:3-16. Bergen County Board of Taxation v. Bogota, 104 N.J. Super. 499 (Law Div. 1969).
Thereafter the Board immediately secured the approval of the Director with respect to new orders otherwise similar to those previously issued, reserving, however, its right to challenge the need for such approval by the Director. The taxing districts at once appealed to the Division of Tax Appeals contesting the validity of these new orders. At the hearing before the Division the taxing districts introduced no testimony, although invited and given opportunity to do so, but rested upon their legal position that the Board's action was unauthorized. The Division found in favor of the Board.
Appeals from the Law Division judgment and from the judgment of the Division of Tax Appeals followed and were consolidated for argument before us.
The authority of the Board to issue an order directing a taxing district to revalue is challenged by the three municipalities. *144 They argue that N.J.S.A. 54:3-16 gives county boards of taxation supervision and control over local assessors and that in their exercise of this supervisory power the county tax boards may, if an assessor is failing in his duties, complain to the Director to have him dismissed under N.J.S.A. 54:1-36 to 39. This, they say, the Board has not done. They appear to argue that no other avenue is open to the Board to achieve the desired result. We do not agree.
The Board here has shown no desire to remove any assessor but seeks only to compel the defendant municipalities to do whatever may be necessary to secure the taxation of all property in the respective districts at its taxable value. In this effort the Board is seeking to fulfil a responsibility allocated to it by the Legislature and which it was empowered to accomplish by statutory grants of power other than that to which defendants make reference. This power is to be found in two other sections of Title 54 which read as follows:
Each county board of taxation shall secure the taxation of all property in the county at its taxable value as prescribed by law, in order that all property, except such as shall be exempt by law, shall bear its full and just share of taxes. [N.J.S.A. 54:3-13]
The county board may adjourn from time to time in the discharge of its duties, and may, after investigation, revise, correct and equalize the assessed value of all property in the respective taxing districts, increase or decrease the assessed value of any property not valued at its taxable value, assess property omitted from any assessment, as provided by law, at its taxable value, and in general do everything necessary for the taxation of all property in the county at its taxable value. [N.J.S.A. 54:4-47]
We interpret these statutes as reposing in the several county boards of taxation the obligation and responsibility to see that all property within each county shall be taxed at its legally determined taxable value and as delegating to the several boards whatever power may be deemed appropriate to the accomplishment of this important purpose. As long as the exertion of power by a county board can be reasonably and sensibly related to the effectuation of this end, and be not *145 otherwise objectionable, these statutes afford adequate basis for its assertion.
The boards are not, as the taxing districts would have us hold, relegated to moving against particular tax assessors via the Director. As a practical matter such course would normally be rather ineffectual. In many municipalities the task of determining the true value of each piece of real estate within the district and thereafter continually making the many changes needed to maintain current accuracy far transcends the ability of a single assessor or board of assessors. Where this is so, a program of revaluation must, from time to time, be undertaken. The fundamental issue was really set at rest by the decision in Board of Taxation of Essex County v. Belleville, 92 N.J. Super. 338 (Law Div. 1965), aff'd 95 N.J. Super. 327 (App. Div. 1967), which is substantially on all fours with this case.
It should be borne in mind that the kind of comprehensive revaluation to which the taxing districts so strenuously object has become a commonplace of municipal fiscal practice as well as having been very much in the legislative consciousness. Note, for instance, N.J.S.A. 40A:4-53(b) empowering a municipality to adopt an ordinance authorizing a special emergency appropriation for the purpose of preparing and executing a complete program of revaluation of real property for the use of the local assessor, and N.J.S.A. 54:3-26, limiting what is otherwise the effect of the "freeze" statute to a period terminating "with the tax year immediately preceding the year in which a program for a complete revaluation of all real property within the district has been put into effect."
For the reasons set forth by Judge Simpson in Bergen County Board of Taxation v. Bogota (above, 104 N.J. Super. at 504-507), we agree that orders issued by county boards of taxation directing municipal revaluation should have the prior approval of the Director. Since this approval has now been secured as to the orders under review this issue is presently moot.
*146 Defendants further complain that they were not accorded a hearing by the Director before he approved the orders submitted by the Board. We do not think that a hearing at that stage of the procedure was either necessary or appropriate. Certainly a municipality is entitled at some point to be heard as to whether the order of the Board seeking to compel revaluation is proper. Such an opportunity is available by direct appeal from the order of the particular county board of taxation to the Division of Tax Appeals. N.J.S.A. 54:2-35. In this case, as is set forth above, the taxing districts were given ample opportunity to present facts and arguments before the Division of Tax Appeals. That they chose to forego this opportunity cannot now afford them a basis for complaining that they have not been heard. The approval of the Director is ministerial and supervisory in nature. The appropriate forum for a full evidentiary hearing is the Division of Tax Appeals.
The Law Division judgment as well as the judgment of the Division of Tax Appeals are affirmed.