KUSKIN, J.T.C.
Plaintiffs in this matter, owners of improved residential properties in the Borough of Ringwood (“Borough”), seek to compel a revaluation in the Borough. The Borough asserts that the assessments in the municipality are sufficiently uniform and equitable so that no revaluation is required. Defendants Passaic County Board of Taxation (“County Board”) and the New Jersey Division of Taxation take no position as to whether or not a revaluation is appropriate. The matter was tried on the merits. For the reasons discussed below, I conclude that the proofs presented by plaintiffs were insufficient to establish that a revaluation should be ordered, but were sufficient to require the County Board to review the assessments in the Borough and determine whether a revaluation is necessary.
The following factual background is not in dispute. The last revaluation in the Borough was put into effect for tax year 1990. The homes owned and occupied by the plaintiffs were constructed and first assessed after the revaluation. The Chapter 123 Ratio, N.J.S.A. 54:l-35a, for Ringwood declined gradually from 1991 through tax year 2000 when the ratio reached 91.43%. Thereafter, the annual decline was more precipitous. The ratios for the years 2001 through 2006 were as follows:
Year Ratio
2001 85.14%
2002 78.15%
2003 70.78%
2004 63.49%
2005 56.23%
2006 51.32%.
From tax year 2000 through tax year 2005, the general coefficient of deviation for the Borough was below 13% with the exception of 2003 when the coefficient was 13.37%.
*32 Under N.J.S.A. 54:1-35.35, the Director of the Division of Taxation (“the Director”) is required to “establish standards to be used in the valuation and revaluation of real property to be used for assessment purposes____” The Director has promulgated a regulation, N.J.A.C. 18:12A-1.14(b)(l) (the “Regulation”), setting forth criteria to be used by a county board of taxation in considering whether it should order a taxing district to conduct a revaluation. The Regulation specifically provides that the criteria are not exclusive and “a board may consider any other criteria that relate to the need for revaluation.” The following are the criteria set forth in the Regulation:
1) Ihe general coefficient of deviation;
2) the stratified coefficient of deviation;
3) the segmented coefficient of deviation;
4) the size of the sales sampling used in calculating the coefficient of deviation;
5) the ratio promulgated by the Director of the Division pursuant to N.J.S.A 54:1-35.1;
6) individual assessment-sales ratios;
7) weighted ratios for property classes; [1]
8) the district weighted ratio;
9) neighborhood and zoning changes;
10) a lack of adequate records maintained by the assessor;
11) the last year of revaluation or reassessment; and
12) the amount of revenue lost due to appeals.
[.N.J.A.G; 18:12A-1.14(b)(l)(i)-(xii).]
In order to determine whether plaintiffs have established that the Borough should be ordered to conduct a revaluation, I will analyze the proofs presented at trial with respect to each of the twelve criteria set forth in the Regulation.
Criterion (1) — The general coefficient of deviation measures the average deviation of individual assessments to sales price ratios for all usable sales in a municipality from the average *33 assessments to sales price ratio for the municipality. For tax years 2000 through 2005 the general coefficient for the Borough, as set forth above, was below 13%, except that the coefficient for 2003 was 13.37%. The Regulation states that, although a coefficient of deviation greater than 15% generally indicates a need for a revaluation, if the coefficient is 15% or less “then other factors must also be used to justify a need for a revaluation.” N.J.A.C. 18:12A-1.14(b)(1)(i). Under this criterion, therefore, the need for a revaluation is not indicated, and other factors must be considered.
Criterion (2) — The stratified coefficient of deviation measures the average deviation of individual assessment to sales price ratios for usable sales in a property class from the average assessment to sales price ratio for the class. The Regulation indicates that a stratified coefficient in excess of 15% “may indicate a need for revaluation.” N.J.A.C. 18:12A-1.14(b)(1)(ii). The stratified coefficient has varied in the Borough. For Class 2 properties (residential) the coefficient has been below 12% since 2000. However, for Class 1 properties (vacant land) the coefficient has ranged from 18.99% in 2000 to 33.31% in 2003, with the ratios in each of 2002, 2004 and 2005 being in excess of 22%. For tax year 2001, the Class 1 stratified coefficient was 7.84%. No stratified coefficient for Class 4 properties was calculated for tax years 2000 through 2005 because of the absence of an adequate number of sales.
Criterion (3) — The segmented coefficient of deviation measures the average deviation of individual assessment to sales price ratios for usable sales in each property class from the average assessment to sales price ratio for all properties of all classes. A segmented coefficient greater than 15% “may indicate a need for revaluation.” N.J.A.C. 18:12A-1.14(b)(1)(iii). For Class 2 properties, the Borough’s segmented coefficient of deviation has consistently been below 12% for the years 2000 through 2005. For Class 1 properties, however, the segmented coefficient generally has been in excess of 25% with the exception of tax year 2001 when the coefficient was 10.4%. For Class 4 properties, the segmented coefficient for tax years 2000, 2003, and 2005 ranged *34 from 19.10% to 97.91%. No Class 4 coefficient was calculated for 2001, 2002, or 2004 because of the absence of any sales.
Criterion (4) — For tax years 2000 to 2005, the number of sales in the Borough ranged from a low of 177 to a high of 219 per year. Most sales were of Class 2 properties. The number of sales of Class 1 properties for the same years ranged from four to nine per year, and the number of sales of Class 4 properties ranged from zero to one per year. The number of total sales may be sufficient to calculate a general coefficient of deviation for each year, and the number of Class 2 sales may be sufficient to calculate stratified and segmented coefficients for that class. However, the small number of annual sales in Classes 1 and 4 casts significant doubt on the reliability of the segmented coefficients for both classes and the stratified coefficient for Class 1.
Criterion (5) — As described above, the Chapter 123 Ratio (defined in N.J.S.A. 54:1-35a(a) as the ratio promulgated by the Director pursuant to N.J.S.A. 54:1-35.1, et seq.) for the Borough was relatively stable from 1991 through 2000 but has declined significantly since then. The Regulation states that a ratio lower than 85% is indicative of the need for a revaluation and a continual decline indicates a lack of maintenance of the assessment list. The Regulation cautions, however, that “a declining ratio does not provide any insight into the level of uniformity of assessment and in and of itself does not imply any automatic judgment with respect to lack of uniform assessments.” N.J.A.C. 18:12A-1.14(b)(1)(v).
Criteria (6), (7), and (8) — No proofs were presented relating to individual assessment-sales ratios, class weighted ratios or a district weighted ratio.
Criterion (9) — Zoning changes and neighborhood changes occurred in the Borough after the 1990 revaluation. The Regulation indicates that such changes may increase or decrease the value of property and therefore must be considered in the determination as to whether or not a revaluation is appropriate.
Criterion (10) — This criterion relates to the lack of adequate records such as property record cards “which cause difficulty for *35 the assessor in arriving at a sound assessment.” N.J.A.C. 18:12A-1.14(b)(1)(x). The testimony established that the Borough’s assessor maintained adequate property record cards. During the period June 1992 through December 31, 2004, the assessor did not retain information as to market data she used in setting assessments on properties newly constructed after the 1990 revaluation. This is not a serious shortcoming either in general or as contemplated by the Regulation. However, the assessor’s testimony as to how she determined assessments on plaintiffs’ properties and other new construction in the Borough undermined the reliability of the records she kept. Only after extensive and repetitive questioning by the court was she able to provide a meaningful explanation of her assessment procedure with respect to new construction, and even that explanation was vague and confusing. This procedure appears to have included preparation of a cost approach analysis and a review of comparable sales. The assessor then would select what she concluded was the appropriate assessment, taking the Chapter 123 Ratio for the Borough into account, but not multiplying her value detemiination by the ratio. The final step in the procedure was adjustment of the cost approach data to support the assessment. This adjustment would relate to depreciation or to the quality of constmction of the property.
Criterion (11) — As noted above, the last year of revaluation in the Borough was 1990. The Regulation indicates that, if a revaluation has not taken place for more than ten years, this “can be a factor” in deciding whether a revaluation is appropriate. N.J.A.C. 18:12A-1.14(b)(1)(xi).
Criterion (12) — No proofs were presented as to the amount of revenue lost as a result of appeals.
In addition to the testimony concerning zoning and neighborhood changes described above, the current assessor in the Borough, who took office as of February 1, 2005, testified that the values of vacant commercial land parcels had been affected by the Highlands Water Protection and Planning Act, L. 2004, c. 120, but he was unable to determine the extent of the valuation impact because of the lack of comparable sales in the brief period since *36 the effective date of that act. He further testified that appeals of assessments to the County Board based on this legislation generally had resulted in reductions of assessments by approximately 90%. The assessor described a portion of the residential area in the municipality as environmentally contaminated, resulting in a detrimental impact on the value of properties in the area. Because of the lack of sales of properties, the assessor has been unable to determine the degree of impact.
When evaluated under the criteria set forth in N.J.A.C. 18:12A-1.14(b)(1), the proofs described above do not establish by a preponderance of the evidence a need for a revaluation in the Borough. However, the proofs do raise significant doubts as to the uniformity and reliability of the assessments, particularly as to vacant commercial land and the contaminated residential parcels. The purpose of a revaluation is to “achieve tax; equality not only as to any given taxing district but also between municipalities of the same county.” Middlesex Cty. Bd. of Taxation v. Bor. of Sayreville, 133 N.J. Super. 41, 44, 335 A.2d 73 (App.Div.1975). County boards of taxation are the governmental agencies with the primary responsibility for deciding when a revaluation is required. Under N.J.S.A. 54:3-13, county boards have the obligation to “secure the taxation of all property in the county at its taxable value as prescribed by law....” Under N.J.S.A. 54:4-47, county boards may “do everything necessary for the taxation of all property in the county at its taxable value.” These statutes have been interpreted as authorizing county boards to order revaluations. In Bergen County Board of Taxation v. Borough of Bogota, 114 N.J.Super. 140, 275 A.2d 158 (App.Div.1971), the court explicitly recognized the authority of a county board of taxation to order a revaluation subject to approval by the Director.
We interpret [N.J.S.A. 54:4-13 and -47] as reposing in the several county boards of taxation the obligation and responsibility to see that all property within each county shall be taxed at its legally determined taxable value and as delegating to the several boards whatever power may be deemed appropriate to the accomplishment of this important purpose. As long as the exertion of power by a county board can be reasonably and sensibly related to the effectuation of this end, and be not otherwise objectionable, these statutes afford adequate basis for its assertion.
[Id. at 144-45, 275 A.2d 158.]
*37 The responsibilities of county boards with respect to revaluations are recognized explicitly in N.J.A.C. 18:12A-1.14(b) which relates to “revaluation orders by a county board of taxation,” and requires the Director’s approval of such orders.
Based on the decisional law discussed above and the Regulation, I conclude that the County Board is better equipped than this court to decide whether the Borough should conduct a revaluation. The court is limited by the trial record; the County Board not only can review that record, but also can make further investigations with respect to the criteria in N.J.A.C. 18:12A-1.14(b)(1) as to which plaintiffs presented no proofs, and consider other matters it deems relevant.
Consequently, judgment will be entered in this matter denying plaintiffs application to require the Borough to conduct a revaluation but ordering the County Board to review this opinion, consider the trial record, consider the criteria set forth in N.J.A.C. 18:12A-1.14(b)(1), and make such further inquiries and investigations as it deems appropriate in order to determine whether a revaluation should be ordered.[2] The authority of a court to order a county board of taxation to take such action is recognized in Switz v. Middletown Tp., 23 N.J. 580, 613, 130 A.2d 15 (1957) (“Although on mandamus the end result of an exercise of discretion may not be controlled, it is equally clear that a public official may be compelled to exercise that discretion.” (citations omitted)). In that case, the majority of the Court declined to order the municipal assessor to revise assessments or to order the county board to revise and equalize assessments, not because the Court lacked authority to do so, but because of the economic disruption that might ensue from such orders. See id. at 626, 130 A.2d 15 (Vanderbilt, C.J., dissenting).
*38 The County Board should complete its work and make its determination by September 29, 2006 so that a revaluation, if ordered, can be implemented not later than tax year 2008. If a revaluation is ordered, then the County Board and Division must perform their responsibilities with respect to the revaluation in accordance with the applicable statutes and regulations.

 For property tax assessment purposes, properties are divided into various classes. Those relevant to this matter are Class 1 consisting of vacant land, Class 2 consisting of residential properties containing not more than four dwelling units, and Class 4 consisting of commercial, industrial, and apartment properties. N.J.A.C. 18:12-2.1 and-2.2.

 This court has jurisdiction to enter such a judgment under N.J.S.A. 2B:13-2(a) and under the procedure sanctioned by Alid, Inc. v. Town of North Bergen, 89 N.J. 388, 446 A.2d 126 (1981). Under this procedure, when relief in lieu of a prerogative writ is sought in a tax matter, a Tax Court judge may transfer the matter to the Superior Court, for hearing by a Tax Court judge temporarily assigned to the Law Division.