KUSKIN, J.T.C.
On June 20, 2006, defendant Passaic County Board of Taxation (“County Board”) signed an Order (“Order”) requiring plaintiff Borough of Totowa to “implement a municipal wide revaluation to be completed by October 1, 2007 and to be effective for the 2008 tax year.” Plaintiff appealed to the Tax Court challenging the Order, and defendants have moved for summary judgment dismissing the appeal. For the reasons set forth below, I grant the motion.[1]
*468 The Order contained the following findings of the County Board as the bases for ordering plaintiff to revalue:
WHEREAS, the last district wide revaluation was 1988.
WHEREAS, the ratio of assessed value to true value for the Borough of Totowa is 59.68.
WHEREAS, the general coefficient of deviation is 19.55.
In addition to the above, this office has taken into consideration the stratified coefficient of deviation, segmented coefficient of deviation, clustering of sales, class weighted ratios, district weighted ratios, neighborhood and zoning changes and the adequacy of tax records, including property record cards;____
The then Acting Deputy Director of the New Jersey Division of Taxation approved the Order on July 17, 2006. See N.J.A.C. 18:12A-1.14(b) (requiring the Director’s approval of a county board of taxation revaluation order). Defendant received the Order on July 21, 2006 and filed this appeal on September 1, 2006.
In support of their motion for summary judgment, defendants have submitted a statistical fact sheet generated by the Division of Taxation which includes the following information. The “ratio” to which the Order refers was the Director’s Ratio for tax year 2004. See N.J.S.A. 54:1-35.1 to-35.3 and N.J.S.A. 54:1-35a(a). For tax year 2005, that ratio fell to 56.04 and, for 2006, fell to 50.95. The district weighted ratio for plaintiff for 2004 was 51.48, rising to 52.60 for 2005 and then falling to 46.29 for 2006. The general coefficient of deviation (defined below) for plaintiff for tax year 2004 was 13.20, but rose to 19.55 for 2005 and 17.02 for 2006.
The fact sheet also set forth that plaintiffs stratified coefficients of deviation (defined below) for tax year 2004 were 12.55 for Class 2 property and 11.56 for Class 4 property (no coefficient was calculated for Class 1 property because only one sale occurred). For tax year 2005, the stratified coefficients of deviation were 19.42 for Class 1 property, 15.09 for Class 2 property and 17.31 for Class 4 property. For tax year 2006, the stratified coefficients were .51 for Class 1 property, 15.52 for Class 2 property, and 20.35 for Class 4 property.
The segmented coefficients of deviation for tax year 2004 were 17.69 for Class 1 property, 12.58 for Class 2 property, and 24.35 for Class 4 property. For tax year 2005 the segmented coefficients were 62.76 for Class 1 property, 16.05 for Class 2 property *469 and 52.80 for Class 4 property. For tax year 2006, the segmented coefficients were 49.3 for Class 1 property, 15.54 for Class 2 property and 44.22 for Class 4 property.
The purpose and function of a revaluation is to “achieve tax equality not only as to any given taxing district but also between municipalities of the same county.” Middlesex County Bd. of Taxation v. Sayreville Bor., 133 N.J.Super. 41, 44, 335 A.2d 73 (App.Div.1975). The authority of a county board of taxation to order a revaluation was recognized in Bergen County Board of Taxation v. Borough of Bogota, 114 N.J.Super. 140, 275 A.2d 158 (App.Div.1971), where the court held as follows:
We interpret [N.J.S.A. 54:3-13 and 54:4-47] as reposing in the several county boards of taxation the obligation and responsibility to see that all property within each county shall be taxed at its legally determined taxable value and as delegating to the several boards whatever power may be deemed appropriate to the accomplishment of this important purpose. As long as the exertion of power by a county board can be reasonably and sensibly related to the effectuation of this end, and be not otherwise objectionable, these statutes afford adequate basis for its assertion.
[Id. at 144-45, 275 A.2d 158.]
In N.J.A.C. 18:12A-1.14(b), the Director of the Division of Taxation has explicitly recognized the authority of county boards of taxation to order revaluations. This regulation relates to “revaluation orders by a county board of taxation” and provides that the Director’s approval is required for any such orders.
In reviewing a statutorily authorized exercise of authority by an administrative agency such as a county board of taxation, a court must give deference to the administrative agency’s discretion.
[W]e note at the outset the strong presumption of reasonableness that an appellate court must accord an administrative agency’s exercise of statutorily delegated responsibility. The scope of judicial review in cases of this kind was recently enunciated by Justice Pashman in New Jersey Guild of Hearing Aid Dispensers v. Long, 75 N.J. 544, 562-563, 384 A.2d 795 (1978), where he emphasized that “courts are not free to substitute their judgment as to the wisdom of a particular administrative action for that of the agency so long as that action is statutorily authorized and not otherwise defective because arbitrary or unreasonable.” Quoting from this Court’s earlier opinion in Flanagan v. Civil Service Dept., 29 N.J. 1, 12,148 A.2d 14 (1959), he explained that:
If there is any fair argument in support of the course taken [by the agency] or any reasonable ground for difference of opinion among intelligent and conscien *470 tious officials, the decision is conclusively legislative, and will not be disturbed unless patently corrupt, arbitrary or illegal. Doubts held by the court as to the wisdom of the administrator’s decision do not alter the case....
[City of Newark v. Natural Res. Council, 82 N.J. 530, 539-40, 414 A.2d 1304 (1980) (emphasis omitted) (citations omitted).]
I conclude that the foregoing quoted principles are applicable to my review of the action of the County Board in ordering plaintiff to conduct a revaluation. Consequently, the Order can be vacated or reversed only if there is a showing that the County Board’s action was arbitrary, capricious, unreasonable, or illegal. Plaintiff has made no such showing, and defendants have amply demonstrated that the action of the County Board was adequately supported by the findings set forth in the Order.
Under N.J.A.C. 18:12A-1.14, entitled “Revaluation; reassessments, compliance plans,” a county board of taxation considering the issuance of a revaluation order must consider twelve separate criteria as set forth in the regulation. The regulation specifically provides as follows:
The criteria utilized by a [county board of taxation] when it is considering a proposal to order a taxing district to conduct a revaluation shall include the following. However, a board may consider any other criteria that relate to the need for revaluation. The results of a board’s findings with respect to these criteria and all other bases for issuing a revaluation order shall be attached to the written order when it is submitted to the Director of the Division of Taxation for approval.
[N.J.A.C. 18:12A-1.14(b)(1).]
The twelve criteria are the following:
1. The general coefficient of deviation, defined in the regulation as “an average deviation from the average assessment sales ratio expressed as a percentage of average assessment ratio for each taxing district, for all properties included in ‘usable sales.’ ” As to this criterion, the regulation states: “A coefficient of deviation greater than 15 percent generally indicates a need for revaluation. If it is 15 percent or less, then other factors must also be used to justify a need for revaluation”;
2. The stratified coefficient of deviation, defined in the regulation as “an average deviation of assessment sales ratios for all usable sales of each property class from the average assessment ratio for the class.” The regulation provides that, if the stratified coefficient is greater than 15 percent, this may indicate a need for revaluation;
3. The segmented coefficient of deviation, defined in the regulation as “an average deviation of assessment sales ratios for all ‘usable sales’ of each property class from the average assessment ratio for all properties of all *471 classes expressed as a percentage average assessment ratio for all properties of all classes.” The regulation provides that, if this ratio exceeds 15 percent, this may indicate a need for revaluation;
4. The size of the sales sampling used in calculating the coefficient of deviation;
5. The ratio promulgated by the Director of the Division of Taxation pursuant to N.J.S.A. 54:1-35.1. As to this criterion, the regulation states that: “A Director’s Ratio of 85 percent or lower generally denotes noncompliance where, as is the norm, the adopted percentage level of assessment established by the county board of taxation is 100 percent”;
6. Individual “assessment-sales” ratios;
7. Weighted ratios for property classes;
8. District weighted ratios;
9. Neighborhood and zoning changes;
10. A lack of adequate records maintained by the assessor;
11. The last year of revaluation or reassessments. As to this criterion, the regulation states that: “If a revaluation or reassessment has not taken place in a municipality for 10 years or more, this can be a factor in ordering a revaluation”; and
12. The amount of revenue lost due to tax appeals.
1 do not interpret the regulation to mean that a revaluation may be ordered only if the facts relating to each criterion indicate that a revaluation is appropriate. I construe the regulation to mean that a county board of taxation may exercise its discretion and rely on some but not all of the criteria as supporting the need for a revaluation in a particular municipality. Here, as quoted above, the Order relies on the general coefficient of deviation, the Director’s Ratio, and the date of the last district-wide revaluation as the specific factors supporting the need for a revaluation in the Borough of Totowa. The Order also indicates that seven of the other criteria set forth in the regulation were considered although the nature of that consideration and any conclusions based on the consideration are not described or disclosed in the Order.
I conclude that the findings by the County Board are adequate to support the Order, particularly in light of the provision of N.J.A.C. 18:12A-1.14(b)(1)(i) stating that a general coefficient of deviation in excess of 15 percent “generally indicates a need for revaluation.” As set forth above, the general coefficient of deviation for plaintiff was 17.02 for tax year 2006 and 19.55 for tax year 2005. The Director’s Ratio evidenced a pattern which, in itself, would warrant the need for a revaluation. As also set forth *472 above, the ratio has been below 85 percent since at least 2004 and has been declining at a rate in excess of a relative 10 percent per year going from 59.68 in 2004, to 56.04 in 2005 and 50.95 in 2006. Finally, as of the date of the Order, approximately 18 years had elapsed since plaintiffs last revaluation or reassessment.
The findings by the County Board are consistent with, and supported by, the additional facts submitted by defendants relating to the stratified and segmented coefficients of deviation. For purposes of analyzing those coefficients, however, I give little weight to the Class 1 coefficients because of the small number of sales in the sample for tax years 2004, 2005 and 2006. I give somewhat more weight to the Class 4 coefficients because the number of sales was greater, and give primary weight to the Class 2 stratified and segmented coefficients because of the much more significant number of sales in that class. The coefficients for Class 2 properties do not exceed 15 percent by a large amount and, therefore, in themselves would not necessarily support a revaluation order. However, when considered in light of the other data presented relating to the general coefficient of deviation, Director’s Ratio, and the period of time since the last revaluation, the stratified and segmented coefficients of deviation do provide some additional support for the County Board’s decision.
In opposition to defendants’ motion, plaintiff does not dispute the accuracy of the factual findings by the County Board but contends that the findings are insufficient because no specific finding was made as to each of the twelve criteria set forth in N.J.A.C. 18:12A-1.14(b)(1), and the findings were not “attached to the written Order” for revaluation when it was submitted to the Director of the Division of Taxation, as required by the regulation. I find and conclude that, although not contained in an attachment, the County Board did include findings in the Order and such inclusion was sufficient under the regulation. I further conclude, as discussed above, that the County Board need not make a specific finding as to each of the twelve criteria but simply must make findings as to criteria sufficient to support its revaluation order. The County Board has done so under the facts presented here. Consequently, I conclude that the entry of the Order was *473 neither arbitrary, capricious nor unreasonable, and the entry of the Order was not in any respect illegal. As a result I grant defendants’ motion for summary judgment.[2]

 On March 30, 2007, I issued a letter opinion granting defendants' motion. This opinion amplifies and refines my letter opinion.

 Plaintiff has not requested, or submitted any certifications or affidavits that would support, an extension of the dates contained in the Order.