MENYUK, J.T.C.
Mount Laurel Township (“Township”) challenges an order of the Burlington County Board of Taxation (“Board”) entered on May 19, 2008, directing the Township to implement a municipal-wide revaluation to be completed by September 30, 2009, to be effective for the 2010 tax year. Both parties have moved for summary judgment. For the following reasons, both motions are *321 denied, and the matter is remanded to the Board for findings of fact and conclusions of law.
The May 19, 2008 revaluation order found that the ratio of assessed value to true value for the Township was 50.75 percent and the general coefficient of deviation was 8.63. The order concluded that this statistical pattern reflected an assessment pattern for the Township which lacked uniformity and which did not conform to the assessment standard of 100 percent of true value established by the Board. The order also concluded that the Township assessments resulted in an unequal distribution of the tax burden within the Township.
Following its adoption by the Board, the order was reviewed and approved by the Director, Division of Taxation (“Director”), as required by N.J.S.A. 54:3-16. See also Bergen County Board of Taxation v. Borough of Bogota, 104 N.J.Super. 499, 250 A.2d 440 (Law Div.1969), aff'd, 114 N.J.Super. 140, 275 A.2d 158 (App.Div. 1971) (county tax board’s order directing the revaluation of a municipality must be approved by the Director). As approved, the order was served on the Township by letter dated June 18, 2008. The Township’s complaint seeking a judgment vacating the Board’s order was filed on August 6, 2008. The court thereafter denied the Township’s motion to vacate the order on the ground that the Board lacked a quorum when it entered the order. Hainesport Twp. v. Burlington Cty. Bd. of Taxation, 25 N. J.Tax 138 (2009), 2009 N.J.Tax Lexis 24 (Tax April 1, 2009). For reasons set forth in a subsequent bench opinion, the court also denied a motion to amend the complaint to add an allegation that the Board had failed to maintain minutes of the May 19, 2008 meeting in violation of N.J.S.A 10:4-14, a section of the Open Public Meetings Act, N.J.S.A. 10:4-6 to -21. The motion was denied principally on the ground that it was untimely. See N.J.S.A. 10:4-15a (an action taken in violation of the Open Public Meetings Act is voidable in a proceeding brought in lieu of prerogative writ within forty-five days of the action sought to be voided). In connection with that motion, the Board did come forward with minutes of the May 19, 2008 meeting. The minutes noted that the Board had reviewed and signed the revaluation *322 order for the Township along with revaluation orders for four other municipalities, but did not provide any further basis for the Board’s action.
In this motion, the Township attacks the order on its merits, contending that the Board acted arbitrarily, capriciously, and unreasonably in determining that the Township should conduct a revaluation. It contends that the court may not go beyond the four corners of the record which consists solely of the revaluation order itself, and that the ratio of assessed to trae valuation and the coefficient of deviation are not sufficient to support the Board’s order to revalue. It also argues that there are insufficient grounds to order a revaluation even if the court considers additional data the Board claims to have considered.
The Board maintains that the two criteria explicitly referred to in the order are sufficient to demonstrate that the Board’s actions were not arbitrary, capricious, or unreasonable. The Board further asserts: that it considered other criteria set forth in N.J.A.C. 18:12A-1.14 that were not reflected in the order and which indicate that a revaluation of the Township is warranted; that the Director considered the criteria of N.J.A.C. 18:12A-1.14 in approving the Board’s order; and that the Board therefore reasonably determined that the Township should conduct a revaluation.
N.J.A.C. 18:12A-1.14(b) provides that, when deciding whether a municipality should conduct a revaluation, a county board of taxation “shall” consider twelve criteria that are set out in the regulation. The Board may also consider other criteria that may indicate the need for a revaluation. Id. The Board’s findings “and all other bases for issuing a revaluation order” are to be appended to its order when the order is submitted to the Director for her approval. Id.
In Borough of Totowa v. Passaic County Board of Taxation, 23 N.J.Tax 466, 470-71 (2007), Judge Kuskin described the twelve criteria prescribed by N.J.A.C. 18:12A-1.14(b) as follows:
1. The general coefficient of deviation, defined in the regulation as “an average deviation from the average assessment sales ratio expressed as a percentage of average assessment ratio for each taxing district, for all properties included in *323 ‘usable sales.’” As to this criterion, the regulation states: “A coefficient of deviation greater than 15 percent generally indicates a need for revaluation. If it is 15 percent or less, then other factors must also be used to justify a need for revaluation”;
2. The stratified coefficient of deviation, defined in the regulation as “an average deviation of assessment sales ratios for all usable sales of each property class from the average assessment ratio for the class.” The regulation provides that, if the stratified coefficient is greater than 15 percent, this may indicate a need for revaluation;
3. The segmented coefficient of deviation, defined in the regulation as “an average deviation of assessment sales ratios for all ‘usable sales’ of each property class from the average assessment ratio for all properties of all classes expressed as a percentage average assessment ratio for all properties of all classes.” The regulation provides that, if this ratio exceeds 15 percent, this may indicate a need for revaluation;
4. The size of the sales sampling used in calculating the coefficient of deviation;
5. The ratio promulgated by the Director of the Division of Taxation pursuant to N.J.S.A. 54:1-35.1. As to this criterion, the regulation states that: “A Director’s Ratio of 85 percent or lower generally denotes noncompliance where, as is the norm, the adopted percentage level of assessment established by the county board of taxation is 100 percent”;
6. Individual “assessment-sales” ratios;
7. Weighted ratios for property classes;
8. District weighted ratios;
9. Neighborhood and zoning changes;
10. A lack of adequate records maintained by the assessor;
11. The last year of revaluation or reassessments. As to this criterion, the regulation states that: “If a revaluation or reassessment has not taken place in a municipality for 10 years or more, this can be a factor in ordering a revaluation”; and
12. The amount of revenue lost due to tax appeals.
[Id. at 470-71].
In support of its motion, the Township submitted, among other things, the Board’s responses to the Township’s document request, and the deposition transcripts of Margaret Nuzzo, the Burlington County Tax Administrator, and Patricia Wright, an Assistant Director of the Division of Taxation who has oversight of revaluation orders entered by county boards of taxation. Ms. Wright and the employees who report to her gather statistical information in connection with such orders, review the data, and make recommendations to the Director when the orders are sent to the Director for her approval. Ms. Wright reviewed the revaluation order at issue here. The Board submitted the certifications of Ms. Nuzzo and Ms. Wright in support of its motion.
*324 According to Ms. Nuzzo, the form of order used by the Board was a standard form that had been used by the Board for years, and that form was not tailored to reflect the significant statistics considered for a particular municipality, but recited only the general coefficient of deviation and the Director’s ratio. She stated that in considering whether to order a revaluation of the Township, the Board referred to a statistical summary sheet that is prepared by her office using statistics compiled annually by the Division of Taxation. The statistical summary sheet included the Director’s sales ratio, the class weighted ratios, the general coefficient of deviation, and the stratified and segmented coefficients of deviation for the Township for the period 2004 through 2007. That summary sheet also stated that the last revaluation for the Township was in 1995, noted that the tax list “appear[ed] to be compliant” and indicated that the adequacy of the property record cards was to be determined by the assessor.
In her certification, Ms. Nuzzo stated that the Board considered all of the information contained on the summary sheet, the status of the tax maps, the growth of the Township, and the general appreciation of property in the Township. She also stated that the Board considered that it had been more than thirteen years since the last reassessment and more than twenty years since the last revaluation. According to Ms. Nuzzo, the Board reviewed all of the coefficients of deviation as well as the Director’s ratio, which had been declining over the past four years and was far below the 100 percent level of assessment that had been adopted by the Board. Ms. Nuzzo indicated that while the general coefficient of deviation for 2007, 8.63, was not on its face indicative of a lack of uniformity, the stratified and segmented coefficients of deviation for that year of 29.78 and 29.89, respectively for Class l,[1] and the segmented coefficient of deviation of 20.63 for Class 4 [2] indicated a *325 lack of uniformity. Ms. Nuzzo’s deposition testimony indicated that she was unaware of the number of sales in each class of property that had been used to compute the stratified and segmented coefficients of deviation. That data was not included on the summary sheet that had been given to the Board.
Ms. Wright stated that, in addition to reviewing the Board’s order itself, the Division of Taxation independently investigated, reviewed, and analyzed the pertinent data from a statistical fact sheet developed by an employee under her supervision. Ms. Wright also noted that, at the time the revaluation order was entered, it had been thirteen years since the last reassessment in 1995, and more than twenty years since the last revaluation in 1987.
Ms. Wright’s evaluation of the statistical data for the Township was that the Director’s ratio had fallen from 70.15 to 50.75 over the four year period from 2004 to 2007, and was substantially below the 100 percent level of assessment that had been adopted by the Board. Ms. Wright conceded in her deposition testimony, however, that a Director’s ratio of 50.75, by itself, would be insufficient to order a revaluation. She also conceded that the general coefficient of deviation, 8.63 percent, was “in the realm of uniformity.”
As Ms. Nuzzo had, Ms. Wright pointed to the stratified and segmented coefficients of deviation of 29.78 and 29.89, respectively, for Class 1, and the segmented coefficient of deviation of 20.63 for Class 4, which all exceeded the regulatory guideline of 15 percent. According to Ms. Wright, these factors indicate a lack of uniformity in the Township’s assessments. In response to the Township’s contention that the number of Class 4 and Class 1 sales was too small to make these statistics meaningful, Ms. Wright stated in her certification that the number of sales of Class 4 property was “more than adequate” to establish meaningful coefficients of deviation for that class over a four-year period.
*326 The statistical sheet prepared by the Division of Taxation indicates that there were five Class 4 sales in 2004, seven in 2005, one in 2006, and six in 2007. The statistical sheet noted that 469 line items were classified as Class 4 property in 2007. Ms. Wright testified that Class 4 property constitutes only 3 percent of the line items but almost 31 percent of the ratables (or total assessed valuation) in the Township. There were seven Class 1 sales in 2004, four in 2005, three in 2006, and four in 2007. In 2007, there were 933 Class 1 line items, which constituted 5.28 percent of the total line items and 1.92 percent of the total ratables. Ms. Wright’s certification was silent on the issue of whether the number of Class 1 sales was adequate to develop meaningful stratified and segmented coefficients of deviation.
Finally, Ms. Wright noted that Class 2 residential properties,[3] which constituted 67 percent of the ratables in the Township, had 43 percent of its sales fall below the common level range, indicating that they were underassessed, and two percent fall above the common level range, indicating that they were overassessed. See N.J.S.A. 54:l-35a(b), defining “common level range.”
Ms. Wright concluded that the data for the Township on the whole indicated a need for a revaluation. In her deposition testimony, she admitted that, in hindsight, she would have preferred to have more of the criteria for revaluation reflected in the Board’s order. But she indicated that, having done its own independent review, the Division of Taxation was satisfied that revaluation of the Township was warranted. According to Ms. Wright, the Director approved the revaluation order for the Township on the basis of the investigation and review conducted by Ms. Wright and her employees.
In Borough of Totowa v. Passaic County Board of Taxation, supra, 23 N.J.Tax at 469-70, the court concluded that the principles enunciated by our Supreme Court in City of Newark v. Natural Resource Council, 82 N.J. 530, 539-40, 414 A.2d 1304 (1980), were applicable to this court’s review of orders of revalua *327 tion issued by a county board of taxation. Those principles include a presumption that an administrative agency has acted reasonably, and that a court must give deference to the exercise of discretion by the administrative agency. A court may not substitute its own judgment as to the wisdom of a particular action for that of the administrative agency charged with making that decision. Borough of Totowa v. Passaic County Bd. of Taxation, supra, 23 N.J.Tax at 469-70.
The Natural Resource Council case relied on in Totowa, however, considered an administrative action for which there was an extensive record. Notably, the matter had been remanded by the Appellate Division for the making of an adequate administrative record. Natural Resource Council, supra, 82 N.J. at 536, 414 A.2d 1304. In Totowa, the court considered a revaluation order that had specifically set forth the date of the last district-wide revaluation, the ratio of assessed to true value and the general coefficient of deviation as the basis of the revaluation, and had additionally stated that the board had “taken into consideration the stratified coefficient of deviation, segmented coefficient of deviation clustering of sales, class weighted ratios, district weighted ratios, neighborhood and zoning changes and the adequacy of tax records, including property record cards.... ” Totowa, supra, 23 N.J.Tax at 468. In that case, the Borough of Totowa contended that the board’s findings were insufficient because no specific finding was made as to each of the twelve criteria set forth in N.J.A.C. 18.T2A-1.14(b)(1). The Tax Court considered the statistical fact sheet generated by the Division of Taxation, and determined that the findings made by the board were adequate to support the order. The court concluded that a board may exercise its discretion and order a revaluation if some but not all of the twelve criteria indicated a need for revaluation. Id. at 471. It further concluded that a board need not make a specific finding with respect to each and every one of the twelve criteria set forth in N.J.A.C. 18:12A-1.14(b)(1), but need only make findings as to criteria sufficient to support its revaluation order. Id. at 472. The court noted that the order at issue relied upon the general coefficient of deviation, the ratio of assessed to true value and the *328 date of the last district wide revaluation as the specific criteria warranting revaluation, and that the board had considered seven of the remaining criteria, even though the board’s conclusions regarding those criteria were not described or disclosed. Id. at 471.
The administrative record in the current case consists solely of the Board’s order which cites the Director’s ratio and the general coefficient of deviation, which are only two of the twelve criteria for revaluation set forth in N.J.A.C. 18:12A-1.14(b). The Board maintains that the Director’s ratio was a sufficient ground on which to order the revaluation. It also argues that it is undisputed that: (1) many of the Township’s stratified and segmented coefficients exceed fifteen percent; (2) it has been more than twenty years since the Township’s last revaluation and more than ten years since its last reassessment; and (3) 45 percent of the Township’s Class 2 sales and 50 percent of Class 4 usable sales are outside the common level range. Because all of these undisputed facts are indicators of a need for revaluation under N.J.A.C. 18:12A-1.14(b), the Board argues that the court may not substitute its own judgment for that of the Board and that it is entitled to an order of summary judgment upholding its order.
The adequacy of the administrative record was not an issue in either Totowa or in the case on which it relied for its standard of review, Natural Resource Council. In other cases, the courts of this State have recognized the adequacy of the record as a consideration in judicial review of administrative actions: “Ordinarily, reversal is appropriate only if the decision of the agency is arbitrary, capricious or unreasonable, or not supported by substantial credible evidence in the record as a whole.” SSI Med. Sens., Inc. v. Dep’t of Human Servs., 146 N.J. 614, 620, 685 A.2d 1 (1996) (emphasis added); see also Warren Hosp. v. New Jersey Dep’t of Human Servs., 407 N.J.Super. 598, 610, 972 A.2d 449 (App.Div.2009) (same).
The Board’s contention that there is no real dispute as to the accuracy of the statistics compiled by the Division of Taxation said to have been relied on by the Board, ignores the fact that apart *329 from the two criteria set forth in its order, the basis of the Board’s judgment is unknown. It is not a question of the court substituting its judgment for that of the Board but rather of the court determining what judgments were made by the Board when it ordered the revaluation, and then determining whether the Board’s order was reasonable in light of those judgments. Ms. Nuzzo, as the county tax administrator, occupies a significant administrative position, N.J.S.A. 54:3-16, but she is not a member of the Board. Although she may know what data she provided to the Board, she has no personal knowledge as to what each Board member actually considered and is therefore not competent to testify as to the factors considered by the Board. N.J.R.E. 602. The only record of the criteria considered by the Board is its order that references the Director’s ratio and the general coefficient of deviation.
That the Director approved the revaluation order based on statistics compiled by the Division of Taxation and on Ms. Wright’s independent evaluation of that statistical data does not validate the order of the Board. As made clear by Ms. Wright in her certification and in her deposition testimony, the Director’s review of the Board’s order of revaluation was not a review of the Board’s actions, but was a review of the statistical data. The Director may independently order a revaluation pursuant to N.J.S.A. 54:1-26, but she may not ratify an irregular action of the Board. Hainesport Twp. v. Burlington Cty. Bd. of Taxation, supra, 25 N.J.Tax at 154, 2009 N.J.Tax Lexis 24 at *26-27. In order for the Director to order a revaluation, “the Director is required to give notice of any investigation preceding a reassessment undertaken by her and to provide an opportunity for the taxpayers and municipal officers to be heard.” Id. at 154, 2009 N.J.Tax Lexis 24 at *26 (citing N.J.S.A. 54:1-28). That procedure was not undertaken here. The Director’s review of the Board’s revaluation order was an internal undertaking. Under the facts of this case, notwithstanding consideration by two agencies, both charged with responsibility for ensuring uniform taxation of property in the Township at its taxable value, no adequate public *330 record of the reasons for the order of revaluation was created by either the Board or the Director.
Moreover, unlike the Totowa ease, the Director is not a party to this action, and the Director’s reasons for approving the order are not relevant to the question of whether the Board acted reasonably, which must be made on the basis of its own administrative record. The Director’s approval, given subsequent to the Board’s action, cannot retroactively make the Board’s own action reasonable. As admitted by Ms. Wright in her deposition testimony, in hindsight, she would have preferred to have seen more of the criteria for revaluation included in the Board’s order. The Director’s own regulation requires that all of the bases for the revaluation be attached to the order when it is submitted to the Director for approval, N.J.A.C. 18:12A-1.14(b)(1). As found in Totowa, supra, 23 N.J.Tax at 472, inclusion of those findings in the order itself is sufficient and there need not be an actual attachment.
The Board determined that the ratio of assessed to time value for the Township was 50.75 and the general coefficient of deviation of the Township was 8.63. Both Ms. Nuzzo and Ms. Wright conceded that the Township’s 8.63 general coefficient of deviation does not indicate a lack of uniformity of assessment and does not provide a basis to order a revaluation. N.J.A.C. 18:12A-1.14(b)(1)® states that if the general coefficient of deviation is 15 percent or less, then other factors must be used to justify a revaluation order. The Board maintains that the Townships’s 50.75 ratio of assessed to true value is that factor.
The Board points out that all real property is to be valued and assessed at the taxable value prescribed by law. N.J.S.A. 54:4-1. The municipal assessor is charged with determining the full and fair value of property in that municipality and assessing it at the taxable value established for the county. N.J.S.A. 54:4-23. The Legislature has designated the county board of taxation as the agency that establishes the percentage level of taxable value of real property in each county, and that percentage level is to be applied uniformly throughout the county. N.J.S.A. 54:4-2.27. It is *331 not disputed that the Board has established that property in Burlington County is to be assessed at 100 percent of true value, as has every other county board of taxation in the state. The Board emphasizes that N.J.S.A. 54:3-13 imposes on the Board the obligation to “secure the taxation of all property in the county at its taxable value as prescribed by law....” It also stresses that the case law of this state has consistently held that frequent revaluation is necessary in order to comply with the constitutional mandate of uniformity, and the statutorily required percentage level of assessment. See, e.g., Essex County Bd. of Taxation v. City of Newark, 73 N.J. 69, 72, 372 A.2d 607 (1977); Tri-Terminal Corp. v. Borough of Edgewater, 68 N.J. 405, 411, 346 A.2d 396 (1975); City of Passaic v. Passaic County Bd. of Taxation, 18 N.J. 371, 381, 113 A.2d 753 (1955).
The Board accordingly argues that the Township’s ratio of assessed to true value of 50.75 percent by itself constitutes a sufficient ground to order a revaluation: “[T]he County Board respectfully submits that the [Township’s] steadily declining average ratio to a low of 50.75% — in chronic violation of the county percentage level of 100% — is sufficient to warrant summary judgment affirming the Revaluation Order.”
N.J.AC. 18:12A-1.14(b)(l)(v), states in pertinent part:
A Director’s Ratio of 85 percent or lower generally denotes noncompliance where, as is the norm, the adopted percentage level of assessment established by the county board of taxation is 100 percent. A continual decline of assessment-sales ratios in a district from the percentage level of taxable value established by a board is an indication of a lack of maintenance of the assessment list. However, a declining ratio does not provide any insight into the level of uniformity of assessment and in and of itself does not imply any automatic judgment with respect to lack of uniform assessments.
Nothing in the Board’s order refers, however, to a “chronic” or continually declining ratio. It refers solely to the ratio computed by the Director in 2007. Ms. Wright indicated in her deposition testimony that the ratio, by itself, would be insufficient justification for a revaluation. Notably, the Board’s records disclose that sixteen municipalities in Burlington County had ratios less than 60 percent that year. Those ratios ranged from 45.02 to 57.52. Yet only five municipalities, including the Township, were ordered to *332 conduct a revaluation. The record fails to disclose why the Township was ordered to conduct a revaluation but the eleven remaining municipalities were not.
Obviously, this court must know the facts upon which the Board relied to make its decision before it can determine whether the action was unreasonable. When the Board’s order fails to disclose those reasons, remand is appropriate to permit the agency to make a record of those conclusions. See Northwest Covenant Medical Center v. Department of Health and Human Servs., 167 N.J. 123, 138-39, 770 A.2d 233 (2001) (approving the Appellate Division’s remand to the agency for adequate factual and legal conclusions). See also, In re Final Agency Decision of Bd. of Exam’rs of Elec. Contractors, 356 N.J.Super. 42, 47, 811 A.2d 484 (App.Div.2002) (employing the standard of whether findings could reasonably have been reached on the basis of sufficient credible evidence in the record, the court affirmed the determination of the board following the board’s amplification of its original decision), certif. denied, 176 N.J. 72, 819 A.2d 1188 (2003). Notably, the Director’s regulations underscore the need for a written record of the Board’s reasons for entry of an order of revaluation by requiring that a board’s findings with respect to the criteria enumerated in N.J.A.C. 18:12A-1.14(b) be attached to the order when it is submitted to the Director for approval. N.J.AC. 18:12A-1.14(b)(1).
For the foregoing reasons, both motions for summary judgment are denied, and the matter is remanded to the Board so that it may make a record of its factual and legal conclusions.

 Class 1 property is vacant land. See N.J.A.C. 18:12~2.2(a), defining Class 1 property.

 Class 4 property includes commercial, industrial, and apartment properties. See N.J.A.C. 18:12 — 2.2(e), (f), and (g), defining Classes 4A, 4B, and 4C, respec *325 tively, which are aggregated for purposes of the table of equalized valuations promulgated by the Director. N.J.A.C. 18:12-2.2(g)(l); NJ.SA. 54:1-35.1.

 See NJ.A.C. 18:12 — 2.2(b), defining Class 2 properties.